

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,255-01

### EX PARTE TOREY LEWAYNE SHAMBURGER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W19-34438-R(A) IN THE 265TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of aggravated robbery and sentenced to twenty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Shamburger v. State*, No. 05-20-00108-CR (Tex. App.—Dallas Jun. 15, 2021) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

Applicant essentially contends, among other things, that trial counsel was ineffective because he failed to investigate and present evidence of Applicant's mental issues that was relevant to both the guilt-innocence and punishment phases of trial. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should

be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall make specific findings as to (1) whether counsel adequately investigated Applicant's mental history, intellectual history and status, disability status, and family background; and (2) how Applicant's histories and statuses effected counsel's trial strategy. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 9, 2022
Do not publish